UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KRYSTAL LATTIG, on behalf of herself
and those similarly situated,

      Case No.:

    Plaintiff,

v.

OZZ LAND, LLC, a Domestic Limited
Liability Company d/b/a DEEPWATER
DINER and ALAYIDDIN OZDEMIR,
Individually,

    Defendants.
_____/

**COLLECTIVE/CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, KRYSTAL LATTIG ("Lattig" or "Plaintiff"), on behalf of herself and other tipped employees and former tipped employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, OZZ LAND, LLC, a Domestic Limited Liability Company d/b/a DEEPWATER DINER and ALAYIDDIN OZDEMIR, Individually (collectively "Defendants") and states as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of herself and other similarly situated current and former non-exempt tipped employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum wages from Defendants for work for which they did not receive proper minimum wages, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff further complains on behalf of herself, and a class of other similarly situated

current and former tipped employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for work for which they did not receive proper minimum wages as required by the New Jersey State Minimum Wage Law, N.J.S.A §34:11-56a25.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this county because Defendants transact business within Salem County, New Jersey, and virtually all of the acts, as well as the course of conduct charged herein, occurred in Salem County.

6. The Defendants are within the jurisdiction of this Court. Defendants conduct substantial business within Salem County. Thus, Defendants have obtained the benefits of the laws of the State of New Jersey and the New Jersey business and labor markets.

## PARTIES

7. At all times material hereto, Plaintiff was a resident of Penns Grove, New Jersey, and a citizen of the State of New Jersey.

8. At all times material hereto, Plaintiff was a tipped employee and performed related waitress/server duties for Defendants.

9. At all times material hereto Defendant, OZZ LAND, L.L.C. ("OLL"), was and is a New Jersey Domestic Limited Liability Company, located in Carneys Point, New Jersey.

10. At all times material hereto Defendant, OLL operated a restaurant called DEEP WATER DINER, located in Carneys Point, New Jersey

11. At all times material hereto, ALAYIDDIN OZDEMIR ("OZDEMIR"), was an individual resident of the State of New Jersey, was and is President and Owner of OLL who regularly exercised the authority to: (a) hire and fire employees of OLL; (b) determine the work schedules for the employees of OLL; and (c) control the finances and operations of OLL; OZDEMER is an employer as defined by 29 U.S.C. 201 et. seq.

## COVERAGE

12. At all times material hereto, Plaintiff was Defendants' "employee" within the meaning of the FLSA and NJWHL.

13. Defendants were, and continue to be, an "employer" within the meaning of FLSA and NJWHL.

14. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of FLSA.

15. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. At all times material hereto, each Defendant was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including beverages, food, computers, office supplies, and office equipment.

Moreover, Defendants regularly had employees run interstate credit card transactions.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA

20. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

21. At all times material hereto Defendants, owned and/or operated "Deep Water Diner located in Carneys Point, NJ.

22. In order to serve the customers of their restaurants, Defendants employ over fifty (50) employees, including bartenders and servers.

23. Plaintiff was employed by Defendants as a "Waitress."

24. Throughout her employment with Defendants, Plaintiff received hourly wages less than the applicable federal and/or New Jersey minimum wage.

25. Plaintiff worked in this capacity from approximately July 2012 through January 2017.

26. Plaintiff was paid on an hourly basis each week in exchange for work performed.

27. Defendants paid Plaintiff sub-minimum wages and purported to take the "tip credit" for all hours Plaintiff worked.

28. In addition to her direct wages, Plaintiff earned tips that were paid to her by Defendants' customers.

29. However, rather than keeping all of her tips each week, Defendants required Plaintiff, and most of their tipped employees, to contribute 15% of their gross sales each shift to the house.

30. Defendants failed to pay such retained tips to employees eligible to receive such tips.

31. To the extent such tips were redistributed to other employees, they were distributed to non-tipped employees, such as dishwashers, cashiers and/or managers.

32. By virtue of Defendants' retention of some or all of the 15% of their Server employees' gross sales each shift, Defendants were not entitled to take a tip credit. Rather, Defendants were/are required to pay Plaintiff and those similarly situated to her the full regular minimum wage for all hours worked.

33. Despite the improper retention of Waitresses' gross sales, Defendants failed to pay Plaintiff and the other tipped employees similarly situated to Plaintiff at least minimum wage for all hours worked.

34. Instead, Defendants purported to pay Plaintiff the tipped minimum wage, despite the fact that they were not entitled to do so.

35. Defendants were not entitled to take the tip credit for some or all hours Plaintiff worked because Defendants failed to meet the prerequisites for same.

36. Defendants have employed and are employing approximately fifty (50) other individuals as tipped employees, who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members, on behalf of Defendants.

37. Defendants have violated Title 29 U.S.C. §§206-207 and NJWHL from at least July 2012 and continuing to date, in that:

    a. Defendants failed to pay Plaintiff at least minimum wage for all hours worked;

    b. Defendants have failed to maintain proper time records as mandated by the

FLSA and N.J.S.A. 12:56-4.

38. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff and the class members were all tipped employees and performed the same or similar job duties as one another in that they performed waitstaff/server duties for Defendants.

40. Plaintiff and the class members were subjected to the same pay provisions in that they were paid sub-minimum hourly wages. Thus, the class members are owed minimum wages for the same reasons as Plaintiff.

41. Defendants' failure to compensate employees at a rate equal to or greater than minimum wage for all hours worked in a workweek as required by the FLSA results from a policy or practice whereby their tipped employees are/were impermissibly required to contribute 15% of their gross sales to employees not entitled to share in same and/or Defendants, despite Defendants failure to meet the prerequisite for taking the tip credit.

42. These policy or practices were applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

**All tipped employees who worked for Defendants within the last three years for whom Defendants purported to take the tip credit for at least some hours worked in one or more workweeks.**

43. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wages and overtime compensation with respect to Plaintiff and the class members.

44. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

45. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

46. Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

47. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

48. Plaintiff brings her claims, as a class action pursuant to R. 4:32-1, on behalf of a Class consisting of all current and former tipped employees of Defendants during the period August 2015 to the present ("the Class")

49. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over one hundred of members of the Class during the Class Period.

50. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - -

particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

51. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in Wage and Hour law and class action litigation.

53. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

54. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. Whether the Defendants employed the members of the Class within the meaning of NJWHL;

   b. Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class, N.J.S.A. 12:56-4.

   c. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. Whether Defendants failed and/or refused to pay the members of the Class at least minimum wages for all hours/weeks they were suffered or permitted to work;

   e. Whether Defendants impermissibly sought to take a tip credit with respect to its tipped employees;

   f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, minimum wage damages, costs, disbursements and attorney's fees;

and

g. Whether the Defendants should be enjoined from such violations of N.J.S.A. 34:11-56a, et seq. in the future.

## COUNT I
## MINIMUM WAGE VIOLATION UNDER FLSA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-54 above.

56. Plaintiff was entitled to be paid minimum wage for each hour/week she worked during her employment with Defendants.

57. Defendants failed to pay Plaintiff minimum wage for each hour/week she worked for Defendants.

58. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour/week worked during one or more weeks of employment with Defendants.

59. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

60. Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

61. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT II
## MINIMUM WAGE VIOLATION UNDER N.J.S.A §34:11-56a4

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-61 above.

63. Plaintiff was entitled to be paid minimum wage for each hour/week she worked during her employment with Defendants.

64. Defendants failed to pay Plaintiff minimum wage for each hour/week she worked for Defendants.

65. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour/week worked during one or more weeks of employment with Defendants.

66. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

67. Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to N.J.S.A §34:11-56a4.

68. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

69. Pursuant to N.J.S.A §34:11-56a25, Plaintiff is entitled to recovery of lost wages, other damages, the costs of this action and a reasonable attorneys' fee.

## COUNT III
## OVERTIME RATE VIOLATION UNDER N.J.S.A §34:11-56a4

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-69 above.

71. Plaintiff was entitled to be paid 1.5 times her regular hourly wage for each hour of working time in excess of 40 hours in any week during her employment with Defendants.

72. Defendants failed to pay Plaintiff the overtime rate for each hour she worked in excess of 40 hours in any week during her employment with Defendants.

73. Plaintiff has demanded proper overtime compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the overtime rate for each hour worked in excess of 40 hours in any week during her employment with Defendants.

74. Defendants had specific knowledge that they were not paying the overtime rate to Plaintiff, but still failed to pay Plaintiff the overtime rate.

75. Defendants willfully failed to pay Plaintiff the overtime rate for one or more weeks of work contrary to N.J.S.A §34:11-56a4.

76. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of overtime wages for one or more weeks of work with Defendants.

77. Pursuant to N.J.S.A §34:11-56a25, Plaintiff is entitled to recovery of lost wages, other damages, the costs of this action and a reasonable attorneys' fee.

## COUNT IV
## OVERTIME VIOLATION UNDER FLSA

78. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-77 above.

79. From at least July 2012 through January 2017, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and

one-half times Plaintiff's regular rate of pay.

80. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

81. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

82. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

83. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

84. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

85. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

86. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

87. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such

hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and N.J.S.A. 34:11-56a et. seq.;

d. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages and improperly retained tips, due under the FLSA and N.J.S.A.

    f.       An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

    g.       An award of prejudgment and post judgment interest;

    h.       An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    i.       Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  August 23, 2017.        Respectfully submitted,

        */s/ Andrew R. Frisch*
        Andrew R. Frisch
        MORGAN & MORGAN
        600 N. Pine Island Road, Suite 400
        Plantation, FL 33324
        Telephone: (954) WORKERS
        Facsimile: (954) 327-3013
        E-Mail: **AFrisch@forthepeople.com**